In re Vladimir **BAUMBLIT**, Debtor.

Vladimir Baumblit, Plaintiff–Appellee,

v.

Desert Palace, Inc., d/b/a Caesars Palace, Defendant–Appellant.

No. 99-CV-5807.

United States District Court, E.D. New York.

Aug. 9, 2000.

Bruce Weiner, Carlos Cuevas, Rosenberg, Musso & Weiner, Brooklyn, NY, for Plaintiff–Appellee.

Scott L. Esbin, Esbin & Brosnan, New City, NY, for Defendant–Appellant.

## ORDER

GERSHON, District Judge.

Defendant-Appellant Desert Palace, Inc., d/b/a Caesars Palace ("Caesars") appeals from the July 15, 1998 order of United States Bankruptcy Judge Laura Taylor Swain, (1) granting the motion of Plaintiff-Appellee Vladimir Baumblit for partial summary judgment on the issue of whether Caesars willfully violated the automatic stay provision of the Bankruptcy Code when it referred Mr. Baumblit's dishonored checks to the Bad Check Collections Unit of the Clark County District Attorney's Office in Nevada and (2) awarding Mr. Baumblit actual damages. The July 15, 1998 order memorializes Judge Swain's decision on the record on June 2, 1998. In that June 2, 1998 decision, Judge Swain orally re-affirmed, upon Caesars' motion for reconsideration, her September 12, 1997 ruling in which she had granted Mr. Baumblit's motion for a preliminary injunction as to Caesars. Judge Swain had granted the preliminary injunction motion based upon deposition transcripts and the live testimony of Mr. Baumblit. In that same June 2, 1998 decision, Judge Swain also granted Mr. Baumblit's motion for partial summary judgment, relying upon the factual findings she had made on the preliminary injunction motion.

A district court reviews a bankruptcy court's decision to grant summary judgment *de novo*. In this case, however, Judge Swain's decision to grant Mr. Baumblit's motion for partial summary judgment was based upon the factual findings she had made in connection with the preliminary injunction motion, arguably making the clearly erroneous standard the appropriate standard of review of her findings of fact. It is unnecessary to resolve this question because, even after reviewing the facts *de novo*, I affirm Judge Swain's decision in its entirety for the reasons she stated on the record on June 2, 1998.

Insofar as Caesars takes issue, in particular, with Judge Swain's finding that it willfully violated the automatic stay and, thus, is liable for Mr. Baumblit's actual damages, Judge Swain correctly relied upon *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir.1990), in holding that an award of actual damages is appropriate where a creditor takes a deliberate act in violation of the stay and has knowledge of the bankruptcy. The facts fully support Judge Swain's conclusion that Caesars' referral of the dishonored checks satisfies this standard.

In sum, the order of the bankruptcy court dated July 15, 1998 is affirmed. The Clerk of Court is directed to close this case.

**SO ORDERED.**